UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID POSCHMANN,

        Plaintiff,

v.

                                               Case No: 2:19-cv-445-FtM-38MRM

ESTANCIA US, LLC,

        Defendant.
_____/

## VERIFIED MOTION FOR FINAL JUDGMENT BY DEFAULT AGAINST DEFENDANT

Plaintiff, DAVID POSCHMANN ("Plaintiff"), by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 55(b), 42 U.S.C. §12205 and DE 11, hereby moves the Court for entry of Final Default Judgment against Defendant, Estancia US, LLC, hereinafter ("Defendant") and as grounds thereof states:

## FACTS AND PROCEDURAL HISTORY

1. Plaintiff filed his Complaint in the above captioned case for injunctive relief, attorney's fees, litigation expenses and costs on June, 27, 2019 (DE 1).

2. The Complaint was brought against Defendant for violations of Title III of the ADA, specifically, 28 C.F.R. §36.302(e)(1).

3. On August 23, 2019 a Clerk's Default (DE 12) was entered pursuant to the Order on Plaintiff's Motion For Default (DE 11) which required Plaintiff to file this motion for default judgment as to Defendant Estancia US, LLC within fourteen (14) days from August 22, 2019.

4. Plaintiff's Complaint seeks injunctive relief to correct the violations of the ADA, and the rules implementing the ADA, by Defendant. The Complaint also seeks an award of

attorney's fees, costs and litigation expenses incurred in this action, pursuant to 42 U.S.C. §12205.

5.    Defendant is currently, and at the time of the filing of the Complaint, was the operator of Latitude 26 Waterfront Inn & Suites located at 4701 Bonita Beach Road in Bonita Springs, Florida . The corresponding reservation system for the hotel is found on Defendant's website at www.www.latitude26inn.com (Complaint, paragraph 4). The reservation system is subject to the requirements of the ADA and its implementing regulations found at 28 C.F.R.§ 36.302(e).

6.    The nature of the injunction sought by Plaintiff is outlined in his Complaint (Complaint, Paragraph 15) as is Plaintiff's entitlement to recover reasonable attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. §12205 ( Complaint, Paragraph 14).

## ARGUMENT

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, when a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, such as Defendant in this cause, a default shall be entered against that party. Thereafter, a default judgment shall be entered by the Court. "If Defendant fails to respond to a complaint, default judgment may be entered on behalf of Plaintiff." *Federal Maritime Com'n v. South Carolina State Ports Authority,* 535 U.S. 743, 757 (U.S. 2002). Moreover, "And, when a party fails to answer or appear in an adversary proceeding, the Federal Rule governing default judgments applies." *Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 458 (U.S. 2004). In accordance with Rules 55(a) and (b)(2), Plaintiff is entitled to final judgment after default against Defendant. The well-pled allegations in Plaintiff's Complaint (DE 1) are deemed to have been admitted by Defendant by virtue of its default. See *Poschmann*

*v. Sundek, LLC*, Case No. 17-14233-CV-Rosenberg (S.D. Fla. August 31, 2017, DE 16)(Final Judgment By Default Against Defendant Sundek, LLC), *Poschmann v. Betsy Ross Owner, LLC*, Case No. 18-14475-CV-Rosenberg (S.D. Fla. February 12, 2019, DE 16)(Final Judgment By Default Against Defendant Betsy Ross Owner, LLC), and *Poschmann v. Betsy Ross Owner, LLC*, Case No. 18-14475-CV-Rosenberg (S.D. Fla. February 12, 2019, DE 21 and DE 23)(Orders Granting Plaintiff's Motion To Tax Costs and Plaintiff's Motion For Attorneys' Fees), and *Cotton v. Mass Mut. Life Ins. Co.*, 403 F.3d 1267, 1277-78 (11th Cir. 2005), citations omitted.

This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Venue in this District was not disputed, nor could it be since the hotel whose reservation system is at issue is located in this district.

### **INJUNCTIVE RELIEF**

Defendant is in violation of 42 U.S.C. §12181 *et seq*. of the Americans with Disabilities Act ("ADA") and 28 C.F.R. §36.302(e)(1). Since Defendant is in violation of the ADA, has discriminated against Plaintiff through said violations and has not rendered any Answer or other responsive pleading in this action, the Plaintiff respectfully requests this Court enter a Final Default Judgment requiring Defendant to modify its online reservation system and implement policies to do so as specifically required by 28 C.F.R. 36.302 (e)(1) as follows within 30 days[1]:

a) Institute, maintain and enforce a policy, practice, or procedure ensuring that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

b) Institute, maintain and enforce a policy, practice, or procedure to identify and describe accessible features in the hotel and guest rooms offered through the

---

[1] See *Poschmann v. Coral Reef of Key Biscayne Developers, Inc.*, Case No. 17-CV-14363-Middlebrooks (S.D. Fla. May 23, 2018, DE 31) wherein the Final Judgment entered by this Court allowed defendant approximately thirty days for compliance after entry of an Order Granting in Part Plaintiff's Motion For Summary Judgment. (DE 30).

3

    reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether the hotel and specific guest rooms meet his or her accessibility needs;

  c) Institute, maintain and enforce a policy, practice, or procedure to ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

  d) Institute, maintain and enforce a policy, practice, or procedure to reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

  e) Institute a policy, practice, or procedure to guarantee that the specific accessible guest room reserved through the reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

  WHEREFORE, Plaintiff respectfully moves the Court to enter final judgment by default against Defendant, ordering it to modify its online reservation system and implement policies to do so within thirty (30) days, as specifically required by 28 C.F.R. §36.302 (e)(1), with reasonable sanctions being imposed against Defendant if it fails to timely do so and awarding Plaintiff attorneys' fees and costs subject to Plaintiff filing appropriate motions detailing the amounts of such entitlements.

## VERIFICATION

I, Lee D. Sarkin, Esq., pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and that this verified motion was executed on September 5, 2019.

s/Lee D. Sarkin
DREW LEVITT, ESQ.
DML2@bellsouth.net
Florida Bar No: 782246
LEE D. SARKIN, ESQ.
Lsarkin@aol.com
Florida Bar No. 962848
4700 N.W. Boca Raton Blvd.
Suite 302
Boca Raton, Florida 33431
Telephone (561) 994-6922
Facsimile (561) 994-0837
Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 5, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the forgoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically, Notices of Electronic Filing.

                                                                               s/Lee D. Sarkin
                                                                               DREW LEVITT, ESQ.

## **SERVICE LIST**

Paul W. Beaton, Registered Agent
Estancia US, LLC
564 109th Ave. N.
Naples, Florida 34108