UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID POSCHMANN,

        Plaintiff,

v.

        Case No: 2:19-cv-445-FtM-38MRM

ESTANCIA US, LLC,

        Defendant.
_____/

## FINAL JUDGMENT BY DEFAULT AGAINST DEFENDANT ESTANCIA US, LLC

**THIS CAUSE** is before the Court upon Plaintiff's Verified Motion For Final Judgment By Default against Defendant Estancia US, LLC filed on August 26, 2019 (DE 13). Plaintiff filed this action against Defendant on June 27, 2019. On August 23, 2019 a Clerk's Default (DE 12) was entered against Defendant pursuant to the Order on Plaintiff's Motion For Default (DE 11) which required Plaintiff to file his motion for default final judgment within 14 days of August 22, 2019.

This is an action for injunctive relief under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.* to require Defendant to modify its online hotel reservation system consistent with ADA regulations, 28 C.F.R. § 36.302(e)(1), and for attorney's fees and costs.

The Department of Justice promulgated 28 C.F.R. § 36.302(e) to carry out the provisions of the ADA prohibiting discrimination in public accommodations, including by "an inn, hotel, motel, or other place of lodging." 42 U.S.C. § 12181 (7)(A); 42 U.S.C. § 12182(a); 42 U.S.C. § 12186(b). Section 36.302(e)(1) provides that:

> "A public accommodation that owns, leases, (or leases to), or operates a place of lodging shall, with respect to reservations made by any means ...

  3. Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms.

  4. Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

  5. Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

  6. Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

  7. Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others."

Plaintiff has alleged, and Defendant has not disputed, that: Plaintiff is disabled as such term is defined by the ADA (Complaint, ¶ 3); Defendant is the owner and operator of Latitude 26 Waterfront Inn and Suites (a place of lodging), whose online reservation system is found at www.latitude26inn.com (Complaint, ¶ 4); Plaintiff accessed and attempted to specifically identify and book a guaranteed reservation for an accessible room at Defendant's hotel through the hotel's online reservation system but was unable to do so due to Defendant's failure to comply with the requirements of 28 C.F.R. §36.302(e) (Complaint, ¶¶ 9, 12); Plaintiff intends to visit the online reservation system for Defendant's hotel in the near future to book a hotel room and utilize the goods, services, facilities, privileges, advantages and/or accommodations being offered and/or to test the online reservation system for compliance with 28 C.F.R. §36.302(e) (Complaint, ¶ 3); and Plaintiff has retained counsel of record for the filing and prosecution of this action (Complaint, ¶ 15).

Therefore, It is hereby **ORDERED and ADJUDGED** as follows:

(1)     Plaintiff's Verified Motion For Final Judgment By Default against Defendant is **GRANTED**.

(2)     Judgment is hereby entered in favor of Plaintiff against Defendant. Defendant shall modify its online reservation system and implement policies to do so, as required by 28 C.F.R. §36.302 (e)(1) as follows within thirty (30) days:

   a)   Institute, maintain and enforce a policy, practice, or procedure ensuring that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

   b)   Institute, maintain and enforce a policy, practice, or procedure to identify and describe accessible features in the hotel and guest rooms offered through the reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether the hotel and specific guest rooms meet his or her accessibility needs;

   c)   Institute, maintain and enforce a policy, practice, or procedure to ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

   d)   Institute, maintain and enforce a policy, practice, or procedure to reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

   e)   Institute, maintain and enforce a policy, practice, or procedure to guarantee that the specific accessible guest room reserved through the reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

If the above modifications are not completed within thirty (30) days, then Defendant shall be subject to reasonable sanctions to compel compliance with this Judgment.  Said sanctions may include but not be limited to per diem fines and/or an Order requiring Defendant to close/take down its online reservation system until said modifications are completed.

Plaintiff is entitled to an award of attorneys' fees and costs and the Court retains jurisdiction of this action to permit Plaintiff to file appropriate motions regarding the foregoing.

DONE AND SIGNED in Chambers, in Fort Myers, Florida this _____ day of September, 2019.

_____
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Defendant Estancia US, LLC
Counsel for Plaintiff