UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID POSCHMANN,

      Plaintiff,

v.                        Case No.:  2:19-cv-445-FtM-38MRM

ESTANCIA US, LLC,

      Defendant.

_____/

### **ORDER**[1]

    Before the Court is David Poschmann's Motion for default judgment (Doc. 13).  For the reasons below, the Court denies the motion.

### **BACKGROUND**

    This is an American with Disabilities Act (ADA) case.  Poschmann claims he was denied equal access to Estancia US, LLC's hotel, Latitude 26 Waterfront Inn and Suites, because he could not book an "accessible room" on Latitude's website. (Doc. 1 at 4) ("Plaintiff attempted to specifically identify and book a guaranteed reservation for an accessible room at the Hotel through the Hotel's online reservation system but was unable to do so due to Defendant's failure to comply with the [ADA]").  When Estancia did

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

not answer or otherwise defend this action, the Court entered a clerk's default. (Doc. 11). Poschmann now moves for a final default judgment. (Doc. 13).

**DISCUSSION**

After a clerk's default, "final default judgment does not automatically follow." *Kennedy v. Orltell, LLC*, No. 6:17-cv-2014-Orl-37TBS, 2018 WL 1172925, at *1 (M.D. Fla. Feb. 16, 2018), *report and recommendation adopted,* 2018 WL 1152393 (M.D. Fla. Mar. 5, 2018). Rather, there must be a sufficient basis in the pleadings for the relief sought. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) ("[B]efore entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action"). "In deciding the complaint's sufficiency, the court applies the same standard as a motion to dismiss." *Mutka v. Top Hat Imports, LLC*, No. 2:18-cv-539-FtM-38MRM, 2018 WL 6168124, at *1 (M.D. Fla. Nov. 26, 2018).

"To survive a motion to dismiss, the plaintiff's pleading must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553 (2007). A claim is facially plausible when the court can draw a reasonable inference from the facts pled that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. But "[f]actual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a twostep approach: "[w]hen there are well

pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

Here, the Complaint does not state a plausible claim. Poschmann claims he could not find an "accessible room" on Latitude's "online reservation system" because the website does not meet the standards set forth in 28 C.F.R. § 36.302(e)(1). (Doc. 1 at 4). But he does not explain *how* the website falls short or include any factual allegations to support this conclusion. *See Kennedy*, 2018 WL 1172925 at *3 (denying a motion for default judgment when plaintiff's complaint did not specify how defendant's website violated the ADA). Rather, Poschmann's claims are mere recitations of the language in 28 C.F.R. § 36.302(e)(1). For example, the Complaint states that Estancia "fail[ed] to '*ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented . . ..*'" (Doc. 1 at 4) (quotations and emphasis added). And the language in 28 C.F.R. § 36.302(e)(1)(iii) is identical. 28 C.F.R. § 36.302(e)(1)(iii) ("Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented . . .."). Such threadbare allegations will not do. *Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (citations omitted)). Because Poschmann has not sufficiently pled an ADA violation, the Court denies the motion for default judgment.

Accordingly, it is now

**ORDERED:**

1. Plaintiff David Poschmann's Motion for Final Judgment by Default Against Defendant (Doc. 13) is **DENIED without prejudice**.

2. Poschmann is **DIRECTED** to inform the Court on or before November 1, 2019, as to how he would like to proceed. **The failure to do so will result in the Court dismissing this case without further notice**.

3. The Clerk is **DIRECTED** to mail a copy of this Order to Defendant Estancia US, LLC at the address listed in the Complaint (Doc. 1 at 2): 4701 Bonita Beach Road, Bonita Springs, Florida 34134.

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of October, 2019.

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

Copies: All Parties of Record